UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

NEIL EDWARD HASELFELD,

      Debtor.

_____/

CASE NO.: 8:19-bk-04614-MGW

Chapter 7

## CREDITOR, BANK OF AMERICA, N.A.'S MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE OR FILE COMPLAINT TO DETERMINE DISCHARGEABILITY

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days from service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one.**

**If you object to the relief requested in this paper, you must file with the Clerk of Court 801 N. Florida Ave., Tampa, Florida 33602 and serve a copy on the movant's attorney, Christian Savio, Esq., Fidelity National Law Group, 200 W. Cypress Creek Road, Suite 210, Fort Lauderdale, Florida 33309, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Creditor, Bank of America, N.A. ("BOA"), through counsel, pursuant to Federal Rule of Bankruptcy Procedure 4004(b), moves the Court for the entry of an order granting an extension of time within which to file a complaint objecting to the Debtor's discharge under 11 U.S.C. § 727 to and including September 19, 2019, and in support thereof states:

1.      On or about July 8, 2010, BOA initiated a foreclosure action against the Debtor, in the Circuit Court of the Twelve Judicial Circuit, in and for Sarasota County, Florida, styled: *Bank of America v. Haselfeld, et al.*, Case Number.: 2010-CA-007042 (NC) (the "Foreclosure Action").

2.      The basis for the Foreclosure Action is a mortgage executed and delivered by Neil E. Haselfeld to BOA recorded in the Official Records Instrument #2006114902 of the Public Records of Sarasota County, Florida (the "Mortgage"). The Mortgage secured the payment of a promissory note in the original principal amount of $156,000.00 (the "Note").

3.      On July 26, 2018, the Court in the Foreclosure Action entered a Uniform Judgment of Mortgage Foreclosure in favor of Bank of America, N.A ("Final Judgment"). [A true and correct copy of the Final Judgment is attached as Exhibit "A"].

4.      The Debtor, on April 1, 2019, filed a lawsuit against Bank of America, N.A. for Declaratory Judgment seeking to have the state court determine his interest in the property subject to the Final Judgment.

5.      On May 16, 2019, the Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code ("Petition").

6.      The current deadline for objection to the Debtor's discharge is August 19, 2019.

7.      Creditor seeks an extension of time within which to file a complaint objecting to the Debtor's discharge under 11 U.S.C. § 727 to and including September 19, 2019.

8.      The Debtor is pro se and undersigned did discuss the relief requested herein, but the Debtor has not provided a position as to the relief. The Trustee has no objection to the requested relief.

WHEREFORE, Creditor, Bank of America, N.A., respectfully requests that the Court enter an order granting an extension of time within which it may file a complaint objecting to the

Debtor's discharge under 11 U.S.C. § 727 to and including September 19, 2019, and such other

and further relief as this Court deems just and proper.

**FIDELITY NATIONAL LAW GROUP**
*Counsel for Bank of America, N.A.*
200 West Cypress Creek Road, Suite 210
Fort Lauderdale, Florida 33309
Telephone No: (954) 414-2107
Facsimile No: (954) 414-2101
Christian.Savio@fnf.com
Andrea.Brodsky@fnf.com
Pleadingsfl@fnf.com

By: */s/ Christian Savio*
        Christian Savio
        Florida Bar No. 0084649

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, pursuant to Local Rule 2002-1, that a copy of the foregoing has

been served electronically through the Court's EM/ECF system or U.S. Mail to:

Neil Edward Haselfeld, *pro se*
3006 Hawthorne Street
Sarasota, Florida 34239.

Stephen L. Meininger, Trustee
707 North Franklin Street, Suite 850
Tampa, Florida 33602

U.S. Trustee
United States Trustee – TPA7/13
Timberlake Annex, Suite 1200
Tampa, Florida 33602

By: */s/ Christian Savio*
        Christian Savio

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2018100073    4    PG(S)
7/26/2018 2:11 PM

IN THE CIRCUIT COURT OF THE 12TH
JUDICIAL CIRCUIT, IN AND FOR
SARASOTA COUNTY, FLORIDA
Case Number:  2010 CA 007042 NC
CIVIL DIVISION

| | |
|---|---|
| | **FOR CLERK'S USE ONLY** |
| | ~~KAREN E. RUSHING~~ |
| | **CLERK OF THE CIRCUIT COURT** |
| | **SARASOTA COUNTY, FLORIDA** |
| CIVIL COURTS | Receipt # 2267588 |

BANK OF AMERICA, N.A.
     Plaintiff,

vs.

NEIL E. HASELFELD; UNKNOWN SPOUSE OF NEIL E.
HASELFELD IF ANY; ANY AND ALL UNKNOWN
PARTIES CLAIMING BY, THROUGH, UNDER, AND
AGAINST   THE   HEREIN   NAMED   INDIVIDUAL
DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD
OR ALIVE , WHETHER SAID UNKNOWN PARTIES MAY
CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES,
GRANTEES OR OTHER CLAIMANTS; WELLS FARGO
BANK, N.A.; JOHN DOE AND JANE DOE AS UNKNOWN
TENANTS IN POSSESSION
     Defendants.

## UNIFORM FINAL JUDGMENT OF MORTGAGE FORECLOSURE

*This form substantially complies with Form 1.996, adopted by the Florida Supreme Court
February 11, 2010, SC09-1579, and revised by the Florida Supreme Court on December 9, 2010, SC09-
1579; form published in 12th Circuit on 4-5-10 and revised on 1/4/2011.*

    **THIS** action was tried before the Court on **July 26, 2018**. On the evidence presented, IT IS
**ORDERED AND ADJUDGED** that:

1.  Plaintiff, BANK OF AMERICA, N.A., is due.

| Description | Amount |
|---|---|
| Principal | $148,934.97 |
| Interest from 01/01/10 to 07/26/18 | $81,354.76 |
| Taxes | $11,008.78 |
| Hazard Insurance | $19,578.20 |
| Property Inspections | $945.00 |
| Foreclosure Fees | $687.00 |
| **SUBTOTAL** | **$262,508.71** |

that shall bear interest at the rate of 5.97 a year.

    **2.**  Plaintiff holds a lien for the total sum superior to all claims or estate of the defendant(s), on the
following described property in **SARASOTA** County, Florida: **LOT 4, BLOCK N, COTTAGE IN THE
PINES SUBDIVISION, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 5,
PAGE 24, OF THE PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA.**

    3.  If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to
this judgment are not paid, the clerk of this court shall sell the property at public sale as set forth below to the
highest bidder for cash, except as prescribed in paragraph 4, in accordance with section 45.031, Florida
Statutes, using the following method:

04-078505-F00

## EXHIBIT "A"

| Check One | Sales Information | Date [Clerk Inserts] | Time | Location |
|---|---|---|---|---|
| ☒ | Sarasota County | *Sept. 24, 2018* | 9:00 am or as soon as possible thereafter | Foreclosure sales conducted via Internet www.sarasota.realforeclose.com |
| ☐ | Manatee County | | 11:00 am or as soon as possible thereafter | Foreclosure sales conducted via Internet www.manatee.realforeclose.com |
| ☐ | DeSoto County | | 11:00 am or as soon as possible thereafter | DeSoto County Courthouse 115 Oak Street, Arcadia, FL 34266 www.desotoclerk.com |

4.   Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title.  If plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5.   On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorney's fees; fourth, the total sum due the Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further Order of this Court.

6.   On filing the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any.  Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

**NOTICE: Issuance of a writ of possession does not exempt plaintiff form complying with federal law requiring notice of tenants residing on foreclosed property.  To insure compliance with federal law, Plaintiff should consult with counsel before serving the writ of possession.**

7.   Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment.

8.   If Plaintiff is the successful bidder at sale, Plaintiff hereby assigns said bid without recourse to, **FEDERAL HOME LOAN MORTGAGE CORPORATION** and requests the Clerk to accordingly issue the Certificate of Title to **FEDERAL HOME LOAN MORTGAGE CORPORATION**.

**NOTICE PURSUANT TO SECTION 45.031, FLORIDA STATUTES (2006).**
        **If this property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to this final judgment.**

        **If you are a subordinate lien holder claiming a right to funds remaining after the sale, you must file a claim with the clerk no later than sixty (60) days after the sale.  If you fail to file a claim, you will not be entitled to any remaining funds.**

        *If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the following additional language applies:*

04-078505-F00

If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign you rights to anyone else in order for you to claim any money to which you are entitled. Please check with the clerk of the court within ten (10) days after the sale to see if there is additional money from the foreclosure sale that the clerk has in the registry of the court.

| Sarasota County Clerk of Court | Manatee County Clerk of Court | DeSoto County Clerk of Court |
|---|---|---|
| 2000 Main Street Sarasota, FL 34237 (941)861-7400 www.sarasotaclerk.com | 1115 Manatee Ave W Bradenton, FL 34205 (941) 749-1800 www.manateeclerk.com | 115 East Oak Street Arcadia, FL 34266 (863) 993-4876 www.desotoclerk.com |

If you decide to sell your home or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering to help you, to make sure that you understand what you are signing and that you are not transferring your property or the equity in your property without the proper information. If you cannot afford to pay an attorney, you may contact the local legal services listed below to see if you qualify financially for their services. If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options. If you choose to contact one of the services listed below, you should do so as soon as possible after receipt of this notice.

| Sarasota County | Manatee County | DeSoto County |
|---|---|---|
| Legal Aid of Manasota Sarasota Office 1900 Main Street, Suite 302 Sarasota, Florida 34236 (941) 366-0038 Venice Office 7810 South Tamiami Trail Suite A6 Venice, Florida 34231 Gulfcoast Legal Services 1750 17th Street, Bldg. 1 Sarasota, Florida 34236 (941) 366-1746 www.gulfcoastlegal.org | Legal Aid of Manasota 1101 6th Avenue West Brandenton, Florida 34205 (941) 747-1628 www.gulfcoastlegal.org Gulfcoast Legal Services 430 12th Street West Bradenton, Florida 34205 (941) 746-6151 www.gulfcoastlegal.org | Fla. Rural Legal Services 3210 Cleveland Avenue, Suite A Ft. Myers, Florida 33901 (800) 476-8937 www.flrs.org |

DONE AND ORDERED in Chambers in SARASOTA County, Florida this 26 day of ___July___, 2018

_____
Circuit Judge  Andrea McHugh
County Court Judge, SARASOTA County

Copies furnished to all parties on attached Service List

04-078505-F00

## SERVICE LIST
### Clerk Case Number: 2010 CA 007042 NC

FRENKEL LAMBERT WEISS WEISMAN & GORDON, LLP
ATTORNEY FOR THE PLAINTIFF
1 EAST BROWARD BLVD. SUITE 1430
FORT LAUDERDALE, FL 33301
**DESIGNATED PRIMARY E-MAIL FOR SERVICE**
**PURSUANT TO FLA. R. JUD. ADMIN 2.516**
**FLSERVICE@FLWLAW.COM**

NEIL E. HASELFELD
3006 HAWTHORNE STREET
SARASOTA, FL 34239

WELLS FARGO BANK, N.A
101 NORTH PHILLIPS AVE
SIOUX FALLS, SD 57104

UNKNOWN TENANTS IN POSSESSION
3006 HAWTHORNE STREET
SARASOTA, FL 34239

04-078505-F00